## Knox v. Borough of Bridgewater

*Harold F. Reed Jr.,* for plaintiffs.

*H. Bruce Curry,* for defendants, Borough of Bridgewater and council member.

*William H. McNees Jr.,* for defendants, Mark J. Peluso and David Peluso.

REED, *P.J.,* March 1, 1988—Plaintiffs have filed suit seeking to enjoin the Borough of Bridgewater from complying with the terms of an agreement entered into between the borough and Mark J. Peluso and David Peluso. Plaintiffs allege that the agreement compels the borough to perform various acts which are not authorized under the laws of the Commonwealth of Pennsylvania and that the agreement is therefore illegal.

## STATEMENT OF FACTS

Defendants Mark J. Peluso and David Peluso are private developers of Stone Point Landing, a commercial development designed to renovate the old Keystone Bakery property located within the borough and containing approximately two acres of land. Riverside Drive borders one side of the property and separates it from Riverside Park which runs along the banks of the Beaver River. In conjunction with the project, the Pelusos asked the borough to acquire the right, title and interest to Riverside Drive (a state highway which was owned and maintained by the Pennsylvania Department of

Transportation) and to restrict a portion of that street to pedestrian traffic only.

Following a meeting of the Borough Council on March 30, 1987, the borough passed resolutions authorizing it to enter an agreement with the Pelusos. Subsequently, the borough accepted a "turn back" of Riverside Drive from PennDOT and passed an ordinance restricting a portion of the street to pedestrian traffic. At issue is whether the borough has the authority to close a portion of a public street to vehicular traffic.

## DISCUSSION

The Commonwealth of Pennsylvania grants broad powers to its boroughs to regulate the use of their streets and sidewalks. Part of this grant of power is provided by the Motor Vehicle Code, 75 Pa.C.S. §6109(a) and §6109(a)(13) which enumerates the police powers to be exercised by "[l]ocal authorities on streets or highways within their physical boundaries . . ." and which states that the reasonable exercise of police power includes "prohibiting or regulating the use of designated streets by any class or kind of traffic." The code defines traffic as "[p]edestrians, ridden or herded animals, vehicles, streetcars and other conveyances, whether singly or together, using any highway for purposes of travel." 75 Pa.C.S. §102.

The Supreme Court of Pennsylvania examined a similar grant of power to third class cities in *G.C. Murphy Company v. Redevelopment Authority of the City of Erie,* 458 Pa. 219, 326 A.2d 358 (1974). In that case the City of Erie planned to restrict traffic in a transitway mall to buses, taxis, emergency vehicles and, during certain hours, service vehicles. Owners and lessees of property in the area

sought to enjoin the city from proceeding with the plan. In denying that relief the court said:

"We have no doubt that the broad grant of powers over streets and sidewalks in these statutory provisions includes the power to make the physical alterations in State Street contemplated by the city council and the authority.

"With respect to the regulation of traffic on the roadway of the mall, we find a similarly broad grant of power to cities and other political subdivisions in section 1103(a) of the Vehicle Code." 458 Pa. at 225, 326 A.2d at 362.

Although the case at bar differs from the *City of Erie* case in that all vehicular traffic will be eliminated from the area in question, the basic issue remains the same. This court finds that the borough is clearly authorized, through the powers granted to it by the commonwealth, to enact an ordinance eliminating vehicular traffic on a street within its boundaries.

Plaintiffs also allege that the borough had no statutory authority to enter into the agreement with the Pelusos.

The Borough Code, Act of February 1, 1966, P.L. (1965), §1401, 53 P.S. §46401 gives the borough the power to make contracts "for any lawful purpose." Here, the agreement provides in part that the Pelusos will be responsible for the design, construction, renovation and upkeep of a "river walk area" on Riverside Drive and Otter Lane. The borough agreed to accept the "turn back" of Riverside Drive upon receipt of a written commitment of funds and also agreed not to obstruct the clear view of the Beaver River from the Stone Landing property. The agreement was for a lawful purpose and was properly executed pursuant to a resolution of the borough council introduced and passed on March 30,

1987. Clearly, the borough acted within its statutory authority in entering into the agreement.

In accordance with the foregoing, we issue the following

## ORDER

Now, this March 1, 1988, the complaint filed in the above-captioned action is hereby dismissed.